## Louis Abt, Appellant, v. Chicago Railways Company, Appellee.

### Gen. No. 23,309. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917.

### Statement of the Case.

Action by Louis Abt, plaintiff, against the Chicago Railways Company, a corporation, defendant, for personal injuries sustained by plaintiff in an assault on him by one of defendant's conductors. From a judgment for plaintiff for $25, he appeals.

Abt v. Chicago Railways Co., 207 Ill. App. 314.

STEIN, MAYER & STEIN, for appellant; W. S. HEF-
FERAN, JR., of counsel.

FRANK L. KRIETE, for appellee; J. R. GUILLIAMS and
THOMAS J. SYMMES of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion
of the court.

## Abstract of the Decision.

1. CARRIERS, § 327*—*when passenger becomes trespasser.* A
passenger who has alighted from a street car at his destination
and reboards the car to make an assault on the conductor is a
trespasser, the relation of passenger having ceased upon leaving
the car.

2. CARRIERS, § 344*—*when carrier not liable for assault by. con-
ductor on former passenger.* Where the relation of passenger and
carrier has ceased upon the passenger alighting at his destination,
the carrier is not liable for an assault by the conductor upon such
former passenger upon his reboarding the car to attack the con-
ductor.

3. ASSAULT AND BATTERY, § 22*—*when damages not inadequate.*
Evidence *held* sufficient to sustain a verdict for $25 as adequate
damages for an assault upon a passenger by a conductor when he
first alighted from the car and before he forcibly re-entered the
car as a trespasser to attack the conductor.

4. DAMAGES, § 162*—*when exclusion of evidence as to financial
loss in business proper.* In an action by a passenger against a
street railroad company for damages for personal injuries due to
an assault upon plaintiff by defendant's conductor, the exclusion
of testimony regarding financial loss in the business of plaintiff is
proper where there is no averment in the declaration regarding
special damage through financial loss in plaintiff's business.

5. DAMAGES, § 180*—*when evidence as to financial loss in busi-
ness is inadmissible.* Even though a declaration in an action for
assault and battery contains an averment regarding financial loss
in the business of plaintiff, evidence as to such loss is inadmissible.

6. TRIAL, § 78*—*when evidence improper in rebuttal.* In an ac-
tion for damages for an assault and battery, where plaintiff had
already testified as to his injuries and defendant had proven by one
of its witnesses that plaintiff's injuries were not serious, and that,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

while his nose was cut, it was not bleeding, but there was a small bruise under his eye, *held* that the admission of evidence as to the condition of plaintiff's face was not proper in rebuttal.

7. CARRIERS, § 344*—*when instruction on liability of carrier for assault by conductor. is correct.* In an action by a passenger against a street railroad company for damages for personal injuries due to an assault upon plaintiff by defendant's conductor, *held* that an instruction that after plaintiff alighted from the car the relation of passenger and carrier ended, and when plaintiff again boarded the car for the purpose of assaulting the conductor he was not a passenger but a trespasser, and that defendant was not liable for the conduct of the conductor towards the plaintiff while he was on the car for the purpose of assaulting the conductor, was correct.

8. APPEAL AND ERROR, § 1407*—*when judgment not disturbed because of inadequacy of.* A judgment will not be disturbed on appeal for mere inadequacy of damages awarded unless it is apparent that the verdict was the result of passion or prejudice in the jury or of errors of law by the court.